UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-23253

URIEL ELIZALDE,

    Plaintiff,

vs.

LA REAL FOOD, INC. and
YAIR ROSEMBERG,

    Defendants.
_____/

**COMPLAINT FOR UNPAID OVERTIME WAGES**

    Plaintiff, Uriel Elizalde, sues Defendants, La Real Food, Inc. and Yair Rosemberg, for unpaid overtime wages as follows:

*Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Uriel Elizalde,** is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law. Mr. Elizalde consents to join this lawsuit. [ECF No. 1-1.]

    2.    **Defendant, La Real Food, Inc.**, is a for profit Florida corporation that is *sui juris* and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material.

    3.    **Defendant, Yair Rosemberg**, was and is the owner and operator of the corporate Defendant, for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

    4.    Defendants were Plaintiff's direct employers, joint employers and co-employers

1

for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiffs.

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, baked goods, and products that have moved through interstate commerce. Defendants cooked, prepared, and stored perishables while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

9. In particular, Defendants make, bake/prepare, and then sell such foods as tortillas, arepas, tostadas, and cheeses from ingredients that traveled in interstate commerce to locations outside of the State of Florida.

10. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, send their products outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic

2

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

information through computers, the internet, via email, and otherwise outside of the State of Florida.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are in the exclusive custody of Defendants.

13. Plaintiff worked for Defendants from September 2013 to December 2013 and then again from July 16, 2015 to February 29, 2016.

14. Plaintiff's job duties included preparing the batter(s) for baking and preparing orders for delivery for Defendants.

15. Plaintiff worked on average approximately 49 hours per week for Defendants.

16. Defendants paid Plaintiff at a rate of $8.50 per hour until January 2016, when Defendants began paying him at a rate of $9.00 per hour.

17. Plaintiff's work was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to his work for Defendants in the course of his handling, mixing, and preparing food that was produced for travel and that actually traveled through interstate commerce.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

20. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay (of at least a minimum wage) for each of the

3

overtime hours he worked during the past three years.

21. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for all overtime hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled their employees to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay they earned, and then failed to timely correct their violation after having known and been put on notice of same.

22. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Uriel Elizalde, demands the entry of a judgment in her favor and against Defendants, La Real Food, Inc. and Yair Rosemberg, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) or pre-judgment interest;

b. That Plaintiff recover prejudgment interest if no liquidated damages are awarded;

c. That Plaintiff recover reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiff by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

4

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 28th day of July, 2016.

                                            Respectfully Submitted,

                                            FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
Fax:  305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com